**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>CHIEF MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593<br>MDD_TJSchambers@mdd.uscourts.gov |

August 15, 2024

LETTER OPINION AND ORDER:

    Re:   *Brendan Moon v. Veritas Technologies, LLC*
             Civil Case No. BAH-21-2750

Dear Counsel,

    Pending before the Court is Defendant Veritas Technologies, LLC's ("Veritas") Motion for Sanctions Against QCI Behavioral Health Consulting Group, LLC and Quality Care Internet, LLP for Failing to Comply with Discovery Obligations and Court Order ("Motion") (ECF No. 88).[1] Having considered the parties' submissions (ECF Nos. 88, 89, 92 & 93), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

    Discovery ended in this case on April 19, 2024. ECF No. 74. About a month before the discovery deadline, the Court granted Veritas's request to issue subpoenas to non-party QCI Behavioral Health ("QCI"). ECF No. 70. Because QCI did not comply with the subpoena response deadlines, and because it did not file a motion to quash or motion for protective order, Veritas moved to compel it to respond. ECF No. 74. The Court granted Veritas's motion to compel (over Plaintiff's objection) and ordered QCI to produce documents responsive to the subpoenas by May 17, 2024.[2] ECF No. 82. The Court warned QCI that it could face contempt of Court if it did not comply with the order. *Id.* at 2.

    QCI did not comply with the Court's order, so Veritas filed the Motion for Sanctions (ECF No. 88). Veritas seeks an order holding QCI in contempt and requiring QCI to reimburse Veritas for the costs and attorney's fees it incurred in connection with QCI's failure to respond to the subpoenas. Soon after Veritas filed its Motion, QCI wrote to the Court to request that a ruling on the Motion be stayed pending QCI's compliance with the subpoenas. ECF No. 89. Thinking the matter resolved, the Court asked Veritas if it would withdraw the Motion. ECF No. 90. Veritas responded that it did not intend to withdraw its Motion and requested that the Court issue a ruling. ECF No. 92.

    On June 20, 2024, QCI sent another letter to the Court. ECF No. 93. According to this letter, as soon as QCI retained counsel (in June 2024), it made diligent efforts to comply with the subpoenas. Counsel produced 347 documents to Veritas within 48 hours after they were retained.

---

[1] Judge Hurson referred this case to me for all discovery matters on March 12, 2024.

[2] The Court's order was directed to two QCI entities: QCI Behavioral Health Consulting Group, LLC and QualityCare Internet, LLP d/b/a QCI Behavioral Health LLP. The Court will refer to both entities as QCI.

The documents included expense reports showing payments to Plaintiff and email records documenting the work that he had performed for QCI. A week later, QCI produced 30 more pages of documents, including invoices from Plaintiff. QCI states that it "is not some large conglomerate that regularly interacts with the legal system," but is a "mental health provider that regularly works with low income and senior citizens in need of mental health services." *Id.* Veritas did not respond to QCI's second letter. Its summary judgment motion is now fully briefed.

Veritas argues that sanctions are warranted under Fed. R. Civ. P. 37(b) and (c). ECF No. 88-1 at 4-7. But Rule 37 sanctions are reserved for parties, and QCI is not a party in this case. *See, e.g.*, Kerr v. McKay, No. 2:20-CV-00190, 2022 WL 479140, at *4 (S.D.W. Va. Feb. 15, 2022) (citing *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994)). Because there is no legal basis to impose Rule 37 sanctions against QCI, the Motion is **DENIED**.

Veritas's Motion also seeks an order holding QCI in contempt under Fed. R. Civ. P. 45(g). Rule 45(g) provides:

> Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Because I am not assigned this case for all proceedings by the consent of the parties under 28 U.S.C. § 636(c), I have no authority to directly hold QCI in contempt. My authority is limited to certifying acts constituting civil contempt to the presiding district judge. 28 U.S.C. § 636(e)(6)(B). If an act of contempt is certified, the district judge will have sole authority (and broad discretion) to decide whether it constitutes contempt and to set the punishment. *JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004). Still, magistrate judges have discretion on whether to certify contempt and may refuse to do so when certification would not be just or would be unnecessary to achieving a stated outcome. *See Doe v. Mast*, No. 3:22CV00049, 2024 WL 3371122, at *3 n.6 (W.D. Va. July 10, 2024) (collecting cases); *United States v. Shaw*, No. 5:02CR30089-02, 2023 WL 418701, at *3 (W.D. Va. Jan. 26, 2023).

Under the circumstances of this case, the Court declines to certify QCI's conduct as contempt. The Court accepts QCI's proffer that it has limited experience in federal civil litigation, and recognizes that QCI made prompt and diligent efforts to comply with Veritas's subpoenas once it retained counsel. The Court also finds that Veritas has not been prejudiced by QCI's late compliance, at least not in any substantial way. Veritas waited until the very end of discovery to seek documents from a non-party, but the documents were still produced before summary judgment briefing was complete. As such, Veritas had the opportunity to use the documents in connection with its summary judgment motion. It is unfortunate that QCI's late compliance with the subpoenas caused Veritas to incur more costs, but litigation is expensive. The Court declines to shift Veritas's litigation expenses to a business that provides mental health treatment services to the poor and the elderly. Certification would not be just. Veritas's Motion is **DENIED**.

The Clerk of Court is directed to mail a copy of this Order to counsel for QCI. Despite the informal nature of this letter it is an Order of Court and shall be docketed as such.

Sincerely yours,

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge